

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00306-CR

---

**OSBALDO GONZALES, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 21-02-9974, Honorable Pat Phelan, Presiding

---

February 7, 2025

## ORDER OF ABATEMENT AND REMAND

**Before PARKER and DOSS and YARBROUGH, JJ.**

Appellant, Osbaldo Gonzales, appeals his conviction for aggravated sexual assault of a child[1] and sentence to fifty years of confinement. Appellant's brief was originally due January 2, 2025, but was not filed. By letter of January 13, 2025, we admonished Appellant's counsel that failure to file a brief by January 23 would result in the appeal being abated and the cause remanded to the trial court for further proceedings

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B).

without further notice. To date, Appellant's counsel has neither filed a brief nor had any further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether Appellant still desires to prosecute the appeal;

2. whether Appellant is indigent;

3. if Appellant is not indigent, whether Appellant has made the necessary arrangements for filing a brief;

4. why a timely appellate brief has not been filed on behalf of Appellant;

5. whether Appellant's counsel has abandoned the appeal;

6. whether Appellant has been denied the effective assistance of counsel;

7. whether new counsel should be appointed; and

8. if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by March 10, 2025. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before February 21, 2025, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.